**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael K. Kelly, | No. CV 07-2512-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Unum Life Insurance Co. of America, a Maine corporation; and the Welfare Benefit Plan Administrative Committee of Snell & Wilmer, L.L.P., | |
| Defendants. | |

Defendants originally filed their Motion for Summary Judgment (Doc. #24) on February 3, 2009. The Court struck that original Motion on February 5, 2009 (Doc. #28) because the parties had stipulated to file more than necessary under seal. Defendants re-filed their Motion for Summary Judgment on February 18, 2009. Plaintiff did not file a response in opposition. After a review of the merits, the Court granted Defendants' Motion on April 14, 2009. (Doc. #31). A month later, on May 14, 2009, Plaintiff filed a Rule 60(b) Motion for Relief from Order Granting Summary Judgment (Doc. #33).

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment for: "mistake, inadvertence, surprise, or excusable neglect," newly discovered evidence, fraud, etc. Fed.R.Civ.P. 61(b)(1-6). Plaintiff's attorney argues the Court should relieve Plaintiff from the summary judgment for excusable neglect. Whether to grant a Rule 60(b) Motion is within the Court's discretion. *Bateman v. United States Postal Serv.*, 231

1 F.3d 1220, 1223 (9th Cir. 2000).

2 "'[E]xcusable neglect' covers negligence on the part of counsel." *Id.* In determining 3 whether neglect is "excusable," the Court considers at least the following four factors: "(1) 4 the danger of prejudice to the opposing party; (2) the length of the delay and its potential 5 impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in 6 good faith." *Id.* at 1223-24.

7 The Court will consider factors one, two, and four first, then discuss the third factor 8 in more detail.  Prejudice – Discovery has closed in this case, and the Court has not set a trial 9 date.  Relieving Plaintiff from the summary judgment would not cause much prejudice to 10 Defendants, other than forcing them to file a reply and perhaps continue defending the case 11 at trial.  Delay – Plaintiff filed the pending Motion three months after Defendants filed their 12 Motion for Summary Judgment and approximately one month after the Court ruled on the 13 Motion.  If the Court were to grant Plaintiff's request, Plaintiff's delay would cause the Court 14 to revisit a Motion that the Court already has reviewed, analyzed, and decided.  Bad faith – 15 Although Plaintiff's counsel offers somewhat confusing explanations for his failure to 16 respond to the Motion for Summary Judgment, it does not appear that he acted in bad faith.

17 Reason for the delay – Plaintiff's counsel offers two excuses for his failure to respond 18 to the summary judgment motion: failure to calendar the deadline for the response and 19 attendance at a funeral.  Plaintiff's counsel submitted a Declaration with the pending Rule 20 60(b) Motion explaining that when the Court struck the original Motion for Summary 21 Judgment, counsel took the deadline to respond off his calendar. (Declaration, Doc. #34-2, 22 ¶4).  When the Motion was re-filed, he "apparently forgot to put the deadline for responding 23 to the motion back on to [his] calendar."  (Id. ¶6).

24 Counsel further explains that he had to travel suddenly to his uncle's funeral in Ohio 25 in the first week of March.  (Id. ¶7).  Counsel claims that because he had to attend the Ohio 26 funeral, he asked opposing counsel for an extension of time to file a response to the Motion 27 for Summary Judgment and to file a reply due in parallel litigation, which opposing counsel

28

1  "granted." (Id. at ¶¶7-8). When he returned from the funeral, counsel remembered to file
2  the reply in the parallel litigation, "but forgot about the re-filed motion in the present case."
3  (Id. at ¶9). Counsel for Plaintiff claims that he did not remember that Defendants had re-filed
4  their Motion for Summary Judgment until he received the Court's Order granting the Motion.
5  (Id. ¶10). Counsel does not state why he waited almost a month after receiving notice of the
6  Court's Order to file the pending Rule 60(b) motion.

7        Plaintiff's response to the Motion for Summary Judgment was due approximately on
8  March 24, 2009, giving Plaintiff three days for mailing. Plaintiff's counsel had to attend a
9  funeral in Ohio the week of March 1st through the 7th. While the Court sympathizes with
10 Plaintiff's counsel's loss, the Court does not understand why counsel's attendance at a
11 funeral that week would prevent him from filing a response by March 24th.

12       Nor does the Court understand how counsel could reasonably rely on opposing
13 counsel "granting" him an extension for the response. Only the Court can grant an extension
14 of a Court deadline. Moreover, the fact that Plaintiff's counsel asked opposing counsel for
15 an extension to file the response contradicts his statement that he completely forgot about the
16 re-filed Motion until the Court's Order. Counsel obviously remembered the Motion at the
17 time he requested an extension from opposing counsel.

18       Counsel offers confusing and completely unsatisfactory reasons for failing to file a
19 response to the Motion for Summary Judgment. If the Court were to allow Plaintiff relief
20 from the Order based on these flimsy excuses, it would be hard to imagine a situation that
21 would not qualify as "excusable neglect." Even though Defendants would not suffer much
22 prejudice if the Court granted Plaintiff's Motion, given Plaintiff's counsel's complete lack
23 of an acceptable and cogent explanation for his negligence, the Court finds that the factors
24 weigh in favor of denying the Motion.

25       Further, the Court notes that the Court did not grant the Motion for Summary
26 Judgment as a sanction for Plaintiff's failure to respond. The Court granted the Motion only
27 after a consideration of the merits of the case. The Court therefore doubts whether a Rule
28

1   60(b) motion is even appropriate.

2   Accordingly,

3   **IT IS ORDERED** DENYING Plaintiff's Rule 60(b) Motion for Relief from Order

4   Granting Summary Judgment (Doc. #33).

5   DATED this 26th day of May, 2009.

_____
James A. Teilborg
United States District Judge